UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JULIA ANN RIDDLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 2:24-cv-109-BR |
| § | |
| COOPERSURGICAL, INC., FEMCARE § | |
| LTD, *and* UTAH MEDICAL PRODUCTS, § | |
| INC., § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER OF REMAND**

In this medical products liability case, Plaintiff seeks to recover for injuries allegedly resulting from the use of Filshie Clips, a federally regulated tubal ligation device. Defendants are a manufacturer ("Femcare"), the manufacturer's parent company ("UTMD"), and a distributor ("CooperSurgical"). Defendants removed the case to this Court from the 320th Judicial District Court of Potter County, Texas on diversity grounds. (ECF 1 at 1). Discovery closed on June 23, 2025 (ECF 75 at 5), and each party has moved for summary judgment (ECF 79, 88, 91, *and* 94).[1]

The Court has repeatedly advised the parties that "[a]ny brief supporting or responding to a motion for summary judgment must be accompanied by and include citations to a separately-filed appendix of **evidence sufficient to support a reasonable jury finding on any relevant jurisdictional facts**[.]" (ECF 75 at 6 *and* ECF 72 at 6) (in both, emphasis in original). Because there is no evidence in the record as to CooperSurgical's state(s) of citizenship, this case is REMANDED.

---

[1] The parties have also filed motions to exclude expert witnesses. (ECF 82, 85, 97, 100, 103).

# I. APPLICABLE LAW

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). The Constitution limits the jurisdiction of the United States Courts to certain categories of cases according to their subject matter, one of which includes controversies "between [c]itizens of different States[.]" U.S. CONST. Art. III, § 2. For the lower courts, which are "ordain[ed] and establish[ed]" by Congress, this original grant of jurisdiction is further limited to those subject matters over which some statute has granted them jurisdiction. U.S. CONST. Art. III, § 1; *see, e.g.*, *Home Depot Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019).

In 28 U.S.C. 1332(a)(1), Congress granted the United States District Courts the jurisdiction to hear "civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [c]itizens of different states[.]" For the controversy to be between citizens of different states, "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data Inc*, 929 F.3d 310, 313 (5th Cir. 2019).

A natural person's state of citizenship is that in which they both reside and intend to remain or keep their home. *Id.* A corporation, by contrast, "is a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." *Id.* at 314 (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added). Generally, subject matter jurisdiction on diversity grounds depends on the citizenship of the parties at the time the lawsuit was initiated. *See Grupo Dataflux v. Atlas Global Group, L.P*, 541 U.S. 567 (2004).

If a proceeding in a state court is one that could have originally been brought in federal court, a defendant may "remove" the proceeding to the local United States District Court. 28 U.S.C. § 1441(a); *see also Home Depot*, 587 U.S. at 441–42. But in a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded." *Id.* at 1447(c). In a removed case, because the defendant(s) are the ones who have invoked the subject matter jurisdiction of the court, they bear the burden of establishing it. *E.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

The Fifth Circuit has held that, like standing, subject matter jurisdiction "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation[.]" *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)) (first alteration in original). At the summary judgment stage, this means the record must contain evidence sufficient to support a summary judgment finding as to jurisdictional facts. *Id.*

Though a party may have initially relied on allegations in the pleadings, at summary judgment, allegations no longer suffice. *Id.*; *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (A party at summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.") (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)) (alteration in original).

Whether the parties dispute or agree on the underlying jurisdictional facts is irrelevant. "The parties cannot stipulate to diversity jurisdiction, just as they cannot stipulate to any other form of subject matter jurisdiction." *Megalomedia*, 115 F.4th at 659 (citing *Ins. Corp. of Ir. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("The consent of the parties is irrelevant.")).

Even if the parties agree, the Court has an independent duty to determine jurisdiction *sua sponte*. *MidCap*, 929 F.3d at 313 ("We have an independent obligation to assess our own jurisdiction before exercising the judicial power of the United States."); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

*must* dismiss the action.") (emphasis added); *accord* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Under the vertical component of the *stare decisis* doctrine, the United States District Courts are bound by published appellate precedents unless and until the law has changed. *E.g.*, *Agostini v. Felton*, 521 U.S. 203, 237–38 (1997) (acknowledging that a District Court was obliged to make a ruling the Supreme Court was reversing while overturning precedent). In the Fifth Circuit, even a future panel decision cannot supply this change of law. *E.g.*, *Burgess v. Whang*, 152 F.4th 579, 593–94 (5th Cir. 2025). In other words, until the *en banc* Fifth Circuit or the Supreme Court direct otherwise, this Court cannot continue to hear cases at the summary judgment stage if the record does not contain evidence of jurisdictional facts.

## II.     THIS COURT'S ORDERS

The Court repeatedly advised the parties of this requirement. First, in an Order granting an extension of the deadline to challenge expert witnesses, the Court included the following as the very last sentence: "**Parties are advised to carefully review the First Amended Scheduling Order, which will include additional requirements relevant to motions for summary judgment.**" (ECF 71 at 2). This sentence was replicated in the docket text associated with the Order. (*See* ECF 71 (docket entry)).

The First Amended Scheduling Order and the subsequent Second Amended Scheduling Order both included a section beginning on the first page and titled "SUBJECT MATTER JURISDICTION[.]" (ECF 72 at 1 *and* ECF 75 at 1) (in both, emphasis in original). That section directed the parties to *MidCap*, *Megalomedia*, and one other binding Fifth Circuit case relevant to the matter: *J.A. Masters Invs. v. Beltramini*, 117 F.4th 321 (5th Cir. 2024). (ECF 75 at 2).

Then, as noted above, the Scheduling Orders imposed the following requirement on motions for summary judgment:

> Any brief supporting or responding to a motion for summary judgment must be accompanied by and include citations to a separately-filed appendix of **evidence sufficient to support a reasonable jury finding on any relevant jurisdictional facts**, and such brief must directly (1) state whether the filing party invokes or opposes the subject matter jurisdiction of this Court and (2) address the questions of fact and law that pertain to subject matter jurisdiction in this case.

(ECF 75 at 6 *and* ECF 72 at 6) (in both, emphasis in original).

### III.    THE SUMMARY JUDGMENT RECORD

The parties filed summary judgment motions on July 15, 2025. (ECF 79, 88, 91, *and* 94). Each brief filed by Defendants in support of their motions includes a statement regarding subject matter jurisdiction. (ECF 89 at 9–11; ECF 92 at 6; *and* ECF 95 at 6). In the briefs filed by CooperSurgical and UTMD, these statements are identical except for the name of the filing party: "[CooperSurgical/UTMD] hereby joins in and incorporates by reference the statement regarding subject matter jurisdiction submitted by Femcare in its Brief in Support of Summary Judgment. That statement is applicable to all Defendants in this case regarding both diversity of citizenship and the amount in controversy." (ECF 92 at 6 *and* ECF 95 at 6).

Plaintiff's brief does not include any statement on subject matter jurisdiction; instead, her Motion for Partial Summary Judgment on Defendants' Affirmative Defenses includes a footnote that reads, "Pursuant to the Court's Standing Order, Plaintiff represents that she does not challenge the subject matter jurisdiction of this Court and that no questions of fact or law exist that would support a contention that the Court lacks subject matter jurisdiction." (ECF 79 at 1, n.1). Plaintiff reiterates this statement in each of her responses to Defendants' motions, adding the conclusion, "Based on the briefing, it appears that none of the Defendants contest this Court's subject matter jurisdiction." (ECF 113 at 5; ECF 115 at 8; *and* ECF 117 at 5). Defendants, for their part, did not

raise subject matter jurisdiction in their joint response to Plaintiff's motion or in the accompanying response brief. (*See generally* ECF 110, 111).

Accordingly, the only substantial briefing before the Court pertaining to subject matter jurisdiction is contained in the Brief in Support of Defendant Femcare Ltd.'s Motion for Summary Judgment, (ECF 89).[2] That brief included a single paragraph on citizenship which, due to the weight of this issue, is worth reproducing in its entirety:

> Regarding diversity of citizenship, Defendants admit Plaintiff's allegation that she is a citizen of the State of Texas, as alleged in her Complaint. Ms. Riddley has also testified that she is a resident of Amarillo, Texas. Defendants have also previously admitted in their respective answers and prior declarations that they are citizens of states and countries other than Texas. Thus, the complete diversity requirement is met for the Court's jurisdiction under 28 U.S.C. § 1332.

(*Id.* at 10 (citations omitted)).

Of the citations omitted above, one was to a portion of Plaintiff's deposition that was included in Femcare's summary judgment appendix. (*Id.* (citing ECF 90 at 344)). Two more were to declarations signed under penalty of perjury and originally filed[3] with motions to dismiss for lack of personal jurisdiction. (*Id.* (citing ECF 11 at 2 and ECF 14 at 2)). The remainder were citations to the pleadings.

---

[2] For clarity, each motion filed by the parties was accompanied by a single separately-filed appendix. (ECF 81, 90, 93, and 96). When considering a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 n.7 (5th Cir. 1992) (Wisdom, J., dissenting). In other words, though the Court has in fact reviewed the complete record of this case to ensure it includes no competent evidence of CooperSurgical's state(s) of citizenship, the Court was not obligated to do so. The parties' collective failure to support the subject matter jurisdiction allegations in their motions and briefs by directing the Court to record evidence would require remand (or, if the Plaintiff had originally brought the case in federal court, dismissal without prejudice) <u>even if the necessary evidence were somewhere present in the record</u>. *Accord United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 333–34 (5th Cir. 2017) (citing *Skotak*, 953 F.2d at 915).

[3] The Court notes that a declaration substantially similar to one of these earlier declarations, signed by the same person—Kevin L. Cornwell—was filed as part of the appendices associated with CooperSurgical's and UTMD's motions for summary judgment. (ECF 93 at 2–4 *and* ECF 96 at 2–4). It is not cited anywhere in CooperSurgical's motion or brief, and is only cited in UTMD's brief as support for arguments on the merits, including once in an argument pertaining to choice of law. (*See* ECF 95 at 7–9, 12).

## IV.   ANALYSIS

As an initial note, no party fully complied with this Court's Orders pertaining to subject matter jurisdiction and motions for summary judgment. Each of the four parties in this case filed multiple briefs supporting and responding to motions for summary judgment, and not one of them cited to an appendix containing evidence to support subject matter jurisdiction. (*See* ECF 75 at 6 *and* ECF 72 at 6). Had the parties complied with the face-value requirements of this Court's Orders, it is almost certain that subject matter jurisdiction would not now be an issue. The Court could overlook this noncompliance, however, if the record contained sufficient evidence to support a summary judgment finding on the citizenship of each party. *E.g.*, *Labrador v. Poe*, 144 S.Ct. 921, 922 (2024) (Kavanaugh, J., concurring in application for emergency stay) ("Every federal court in this country has within its 'traditional' toolkit the power to pause temporarily its own order[.]"). Unfortunately, as shown below, the record does not contain evidence of each parties' citizenship.

The citizenship of Defendants Femcare and UTMD is adequately established by the declarations to which Femcare cited. The Declaration of Paul Hill states that "Femcare was organized in England and its principal place of business is located at 32 Premier Way, Ramsey, Hampshire SO51 9DQ United Kingdom." (ECF 11 at 2). The Declaration of Kevin Cornwell similarly states that "UTMD is incorporated in the State of Utah and its principal place of business is located at 7043 South 300 West, Midvale, Utah 84047-1048." (ECF 14 at 2).[4] Because these declarations are made on personal knowledge and set out admissible facts to which the declarant is competent to testify, they are competent summary judgment evidence. FED. R. CIV. P. 56(c)(4).

---

[4] The Declaration of Kevin Cornwell in Support of Defendant Utah Medical Products Inc.'s Motion for Summary Judgment and Joinder to Femcare's Motion for Summary Judgment (ECF 96 at 2–4) includes the same statement. *See supra* n.3.

Accordingly, there is sufficient evidence in the record to support a summary judgment finding that Femcare is a citizen of the United Kingdom and UTMD is a citizen of Utah.

The showing on Plaintiff's citizenship is more tenuous, but the associated issues would likely not be dispositive alone. The portion of Plaintiff's deposition testimony cited by Femcare records sworn statements that, when her deposition was taken in March of 2025, Plaintiff resided in Amarillo Texas, and she was "born and raised" in that area. (ECF 90 at 344). This alone is not perfect evidence that, at the time the lawsuit was filed in 2024, Plaintiff both resided and intended to keep her home in Texas. However, especially when combined with Plaintiff's medical history, which is at issue in the merits of this case and which shows a long history of care in Amarillo, Texas, the record contains sufficient competent evidence to support a reasonable jury finding that, at the time this lawsuit was filed, Plaintiff both resided and intended to remain in that city.

The problem in this case is CooperSurgical's citizenship. The only portion of Femcare's brief applicable to CooperSurgical is a citation to CooperSurgical's answer, in which it "admits it is a Delaware Corporation with its principal place of business in Connecticut[.]" (ECF 89 at 10; ECF 62 at 2). As noted above, stipulations between the parties are insufficient to support an exercise of subject matter jurisdiction at any stage in a proceeding. *Megalomedia*, 115 F.4th at 659. At the summary judgment stage particularly, the requirement is for evidence, and there is no record evidence in this case on which a reasonable jury could base a finding as to CooperSurgical's citizenship.

As a result, Defendants, who bear the primary burden to make a showing of subject matter jurisdiction in this removed case, have not carried that burden. Plaintiff, who bears a secondary burden to the extent she wants the case to remain in federal court, has also not carried it. As a result, the Court is unable to make a summary judgment finding that it possesses subject matter

jurisdiction. Without such a finding, the Court lacks the power to consider the case at this stage of litigation.

## V. CONCLUSION

Because this case has reached the summary judgment stage and it has not been shown that the parties in this case are completely diverse, the Court lacks subject matter jurisdiction. Accordingly, the case is REMANDED.

IT IS SO ORDERED.

ENTERED November 3, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE